Filed 2/26/26 Certified for Publication 3/20/26 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| COUNTY OF SACRAMENTO, | C100056 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2020-00287693-CU-MC-GDS) |
| v. | |
| NKS REAL ESTATE HOLDINGS, INC. et al., | |
| Defendants and Appellants. | |

The trial court found that defendants Nabil Samaan, an attorney who is representing himself, and NKS Real Estate Holdings, Inc., a party also represented by Samaan, created a nuisance per se by not obtaining a building permit from plaintiff County of Sacramento before constructing and leasing an accessory development unit. Defendants raise numerous arguments which generally contend the County lacks standing to pursue this action, the County's nuisance ordinances conflict with state laws, and the trial court erred when it found that the defendant's actions created a nuisance per se. Each argument fails, and we affirm the judgment.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

Defendants built an accessory dwelling unit on a lot in Fair Oaks without a building permit. They initially applied for the permit on August 26, 2020, but the application was incomplete. They did not make the necessary corrections, and they commenced construction without a permit.

On September 30, 2020, the County issued and posted a notice of violation and stop work order for the unpermitted construction. On October 7 and October 20, 2020, the County issued second and third notices of violation and stop orders. Defendants nonetheless completed constructing the unit, and an occupant moved in sometime in late 2020.

The County never issued a building permit to defendants for the unit, nor did it inspect the unit for code compliance. At the time of trial, a tenant was occupying the unit, but the unit is an unpermitted structure that has never been issued a certificate of occupancy.

Defendants appealed the first notice of violation to the County Building Board of Appeals. That board upheld the County's actions and denied the appeal. Defendants did not challenge the board's determination, nor did they appeal any of the other notices of violation.

The County filed this action for injunctive relief on October 28, 2020. The first cause of action alleged that defendants' actions and use of the unit violated provisions of the California Building Code and the California Residential Code that required them to obtain a permit for constructing the unit. The second cause of action alleged that use of the unit was a public nuisance per se under provisions of the Civil Code and the Sacramento County Code due to the use's violation of the California Building, Residential, Plumbing, Electrical, Mechanical, Property and Maintenance, Fire, and

Energy Codes and because the use was hazardous to occupants and visitors and detrimental to the general welfare.

Following a court trial in 2023, the trial court ruled in favor of the County on both causes of action, and it issued a permanent injunction. It found that the unit qualified as a public nuisance per se. The County had declared by ordinance that construction of dwelling units without the required building permits was a public nuisance. Because the County in the exercise of its police power had expressly declared the condition to be a nuisance, the condition in this instance was a nuisance per se.

DISCUSSION

I

*Legal Background*

Title 24 of the California Code of Regulations contains the California Building Standards Code (Title 24). Title 24 contains building standards adopted by various state agencies and approved by the California Building Standards Commission pursuant to the State Building Standards Law (Health & Saf. Code, § 18901 et seq. [statutory section citations that follow are to the Health and Safety Code unless noted otherwise]). These building standards regulate the construction of buildings and structures throughout the state. (§ 18938, subd. (b).)

Title 24 is divided into various parts, each of which is designated as a particular code. Part 2 is the California Building Code. It is based on a model code known as the International Building Code as well as amendments to the model code that are particular to California.

Part 2.5 of Title 24 is the California Residential Code. It is based on a model code known as the International Residential Code, as well as amendments to the model code particular to California. Part 2.5 applies primarily to one- and two-family detached dwellings, certain townhouses, and accessory structures. (Cal. Code Regs., tit. 24, part

3

2.5, § 1.1.3.)  The various editions of Title 24, which are adopted every three years, are found on the State Building Standards Commission's website (https://perma.cc/NHK8-PSJ5 [as of Feb. 17, 2026]).

The State Housing Law (§ 17910 et seq.) regulates occupancy and building standards for most buildings and structures used for human occupancy in the state.  It requires Title 24 to impose substantially the same requirements as the most recent editions of a number of model codes, including the International Building Code and the International Residential Code.  (§ 17922, subds. (a), (b).)

The State Housing Law requires local agencies such as the County to adopt Title 24 by reference and to enforce it.  (§§ 17922, subd. (a); 17958, subd. (a); 17960.)  A local agency may adopt local variations to Title 24 according to a prescribed procedure, but the changes must be reasonably necessary due to local climatic, geological, or topographical conditions.  (§ 17958, subd. (a).)

By ordinance, the County adopted the California Building Code and the California Residential Code as its building code and residential code.  (Sacramento County Code (County Code), §§ 16.04.030, 16.10.030.)  It also adopted each code's administrative and enforcement provisions.  (County Code, § 16.02.040.)  Those provisions in effect at the time defendants constructed their accessory development unit require an owner or agent who intends to construct a building or structure to first obtain a permit from the County building department.  (Former Cal. Code Regs., tit. 24, part 2, §§ 1.8.4.1, 105.1; part 2.5, §§ 1.8.4.1, R105.1 (2019 Triennial ed.; subsequent references to Title 24 are to this edition).)

It is unlawful for any person to construct a building or structure in violation of any provision of the California Building Code or the California Residential Code.  (Cal. Code Regs., tit. 24, part 2, § 114.1; part 2.5, § R113.1.)  It is also unlawful for a building or structure to be occupied prior to issuance of a certificate of occupancy.  (Cal. Code Regs., tit. 24, part 2, § 111.1; part 2.5, § R110.1.)  If the person fails to comply with a notice of

4

violation, the building department is authorized to request county counsel "to institute the appropriate proceeding at law or in equity to restrain, correct or abate" the violation. (Cal. Code Regs., tit. 24, part 2, § 114.3; part 2.5, § R113.3.)

In addition to adopting Title 24, the County has adopted a nuisance code. (County Code, § 16.18 (Nuisance Code).) The County has expressly declared in the Nuisance Code that it is a public nuisance for any person owning "premises" in the County to maintain those premises in violation of the County building code and the County residential code. (County Code, § 16.18.401N.) The Nuisance Code also authorizes the County, where the County determines that the health, safety, and welfare of the public require, to "commence any appropriate action or proceeding to correct or abate the violations or nuisance." (County Code, § 16.18.402C.)

## II

### *Standing*

Initially, defendants contend the County lacks standing to abate public nuisances in its name. Defendants direct us to Code of Civil Procedure section 731, which authorizes a county counsel to bring a civil action to abate a public nuisance in the name of the people of the State of California. Defendants argue that the complaint against them "is devoid of any mention of the people of California," and the plaintiff is the County, not the people. Defendants assert that as a result, the nuisance abatement cause of action "is unauthorized and legally untenable," and that no authority exists to abate public nuisances in the name of the County.

Defendants are not correct. Code of Civil Procedure section 731 is not the only source of a county's authority to bring a civil action to abate a public nuisance. Under the State Housing Law, county building departments are required to enforce all state and county building codes and regulations that pertain to the construction of a dwelling. (§ 17960; see *Griffith v. City of Santa Cruz* (2012) 207 Cal.App.4th 982, 991

5

[enforcement may include inspections of existing buildings where no permit application was filed to secure compliance with building codes].) As the enforcement agency, the County building department may institute an action to abate violations of building codes and nuisances. (§ 17980, subd. (a).) Acting pursuant to the State Housing Law and authority under its Nuisance Code, the County has standing to prosecute this action for abatement.

III

*Conflict with State Law*

Defendants contend the County's Nuisance Code conflicts with state law in numerous respects.

<u>Not Adopting the Nuisance Code as an Amendment to the County Building Code</u>

County Code section 16.18.401 lists the conditions which the County has declared constitute a public nuisance. Code section 16.18.401N declares violations of the County building code and the County residential code to be a nuisance. Defendants assert Code section 16.18.401 is not operative because the County's adoption of and amendments to the California Building Code and the California Residential Code in 2020 did not include County Code section 16.18.401. Defendants argue that because the County did not make any findings required by law to amend the state codes to include the section, it is not operative for any purpose.

Defendants' assertion is again incorrect. Defendants cite no authority requiring the County to adopt its Nuisance Code as part of adopting and amending the state codes. What authority exists is to the contrary. The State Building Standards Law excludes from its scope of regulating building standards "the adoption of procedural ordinances by a city or other public agency relating to civil, administrative, or criminal procedures and remedies available for enforcing code violations." (§ 18909, subd. (c).) Thus, the County's Nuisance Code, and specifically County Code section 16.18.401N, are not

6

required to be part of the County's adoption of Title 24, and the County is not required to reapprove the Nuisance Code when it adopts and approves local amendments to Title 24.

The authority defendants rely on, *College Area Renters & Landlord Assn. v. City of San Diego* (1996) 43 Cal.App.4th 677, does not assist them. That opinion discusses as background a local government's limited authority to make changes to Title 24. (*Id*. at pp. 683-685.) It does not discuss the approval of a local nuisance ordinance or its inclusion in a county's adoption of Title 24.

Abating an Existing Building

Defendants argue that County Code section 16.18.401 violates a provision in the State Housing Law that precludes a local ordinance from permitting actions "to abate violations of regulations governing maintenance of existing buildings" unless the building is a substandard building, as defined by statute, or the violation is a misdemeanor. (§ 17922, subd. (g).) Defendants assert this bar benefits them because the accessory unit is an existing building. Defendants also argue the Nuisance Code violates section 17922, subdivision (g) because County Code sections 16.18.502 and 16.18.205 authorize the building department to initiate abatement proceeding to abate a code violation by an existing building that is an infraction instead of a misdemeanor and without considering whether the building is a substandard building.

Section 17922, subdivision (g) does not apply to this case. The County is not seeking relief because defendants violated regulations governing the "maintenance" of an existing building. It is seeking relief because defendants violated regulations governing the construction of a building. Provisions of the California Building Code and the California Residential Code which the County has adopted required defendants to obtain a building permit from the County before they commenced constructing the unit. (Cal. Code Regs., tit. 24, part 2, §§ 1.8.4.1, 105.1; part 2.5, §§ 1.8.4.1, R105.1.) Defendants

7

violated those requirements.  In that circumstance, the codes authorized the County to bring this action for relief.  (Cal. Code Regs., tit. 24, part 2, § 114.3; part 2.5, § R113.3.)

Substandard Building Laws

Defendants claim the County has authority to declare and abate a residential building as a public nuisance only to the extent it proves the building is a substandard building as defined in the State Housing Law.  (§§ 17920, subd. (n); 17920.3; 17922, subd. (e).)  Under the State Housing Law, any building, including any dwelling unit, which has any of an enumerated list of conditions to an extent that endangers the life, limb, health, property, safety, or welfare of the building's occupants, nearby residents, or the public is declared to be a substandard building.  (§§ 17920, subd. (n); 17920.3.)  One of the enumerated conditions is "[a]ny nuisance."  (§ 17920.3, subd. (c).)

The State Housing Law limits the abatement of substandard buildings.  Under that law, "[r]egulations governing abatement of substandard buildings shall permit those conditions prescribed by Section 17920.3 which do not endanger the life, limb, health, property, safety, or welfare of the public or the occupant thereof."  (§ 17922, subd. (e).)  Defendants argue the County's Nuisance Code violates the State Housing Law because it did not require the County to prove that defendants' not obtaining the required building permits—acts which defendants describe as "immaterial administrative violations"—was a nuisance that endangered the unit's occupants or the public.

Assuming for purposes of argument only that the substandard building laws applied, the dwelling unit would qualify as a substandard building.  A substandard building is, among other definitions, any building or dwelling unit which constitutes a nuisance to the extent the nuisance endangers the life, property, or safety of the occupants, nearby residents, or the public.  (§§ 17920, subd. (n); 17920.3, subd. (c).)  The County has declared that constructing a building without a permit is a public nuisance. The requirement to obtain a building permit is the mechanism by which the local agency

8

determines whether the unit endangers public safety.  The purpose of the state and local building codes, as stated in the 2019 California Building Code that applied to defendants, is "to establish the minimum requirements to safeguard the public health, safety and general welfare through structural strength, means of egress facilities, stability, access to persons with disabilities, sanitation, adequate lighting and ventilation and energy conservation; safety to life and property from fire and other hazards attributed to the built environment; and to provide safety to fire fighters and emergency responders during emergency operations."  (Former Cal. Code Regs., tit. 24, part 2, § 1.1.2.)  The County cannot protect the building's occupants and the public against possible harm from defendants' building without defendants complying with the requirement to obtain a building permit.  By not obtaining a permit, it is the defendants who have endangered the safety and welfare of the unit's occupants, nearby residents, and the public.  (§ 17922, subd. (e).)  Thus, the County acted within its police and statutory powers to declare the failure to obtain a building permit a public nuisance, which results in the unit also being a substandard building.  The County's Nuisance Code does not conflict with state law.

IV

*Trial Court's Decision*

Defendants contend the trial court's decision is "legally untenable" for a number of reasons.  Their primary contention is that the trial court, in finding the unpermitted unit a nuisance per se, misinterpreted the term "premises" as it appears in County Code section 16.18.401 in such a way as to render building regulations surplusage.

Background

County Code section 16.18.401 declares it is a public nuisance for any person owning "any premises" in the County to maintain those premises in any condition in violation of chapters 16.02, 16.04, 16.20, or 16.22 of the County Code.  (County Code,

9

§ 16.18.401N.)  Of relevance here, Chapter 16.02 adopts the California Building Code's and the California Residential Code's administration and enforcement provisions. (County Code, § 16.02.040.)  Chapter 16.04 adopts the California Building Code. (County Code, § 16.04.030.)  Those provisions make it unlawful to construct a building or structure without a building permit.  (Cal. Code Regs., tit. 24, part 2, §§ 1.8.4.1, 105.1, 114.1; part 2.5, §§ 1.8.4.1, R105.1, R113.3.)  In this manner, the County has declared that constructing a building without a building permit is a public nuisance.

The trial court declared that under these provisions, the construction of a residential structure, including an accessory development unit, "is a condition or circumstance that falls within the categorical reach of [County Code] section 16.18.401(N) and thus a nuisance per se.  A lack of a permit is as much a 'condition in violation' as an improperly wired outlet even if the extent of the risk is not as clear. Permitting, after all, is the enforcement mechanism at the core of the building codes, and there's no way to tell if a structure meets the governing code requirements unless and until it has been inspected/permitted.  The County need not show actual harm, i.e., that the [unit] is unsafe to its occupants or hazardous to the local community."

Analysis

A nuisance per se arises "when a legislative body with appropriate jurisdiction, in the exercise of the police power, expressly declares a particular object or substance, activity, or circumstance, to be a nuisance. . . .  [W]here the law expressly declares something to be a nuisance, then no inquiry beyond its existence need be made and in this sense its mere existence is said to be a nuisance per se.  [Citation.]  But, to rephrase the rule, to be considered a nuisance per se the object, substance, activity or circumstance at issue must be expressly declared to be a nuisance by its very existence by some applicable law."  (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996)

10

44 Cal.App.4th 1160, 1206-1207.)  The law must "declare the circumstances existing on the property to be a nuisance without the need for further inquiry."  (*Id*. at p. 1208.)

Defendants initially assert that "[n]o authority expressly declares unpermitted buildings, or their maintenance or rental are illegal let alone a public nuisance."  The regulations and ordinances cited in the previous paragraphs prove otherwise.  The County has declared by ordinance that a violation of the California Building Code's requirement that owners obtain building permits before commencing construction of buildings and dwelling units is unlawful and is a public nuisance.  These laws expressly declare that defendant's construction without a building permit is a public nuisance, and thus it is a nuisance per se.

Defendants contend the trial court erred by interpreting the term "premises" in code section 16.18.401 to include buildings.  They assert the interpretation rendered building regulations that regulate the construction of buildings surplusage.  They argue that premises conditions are distinct from building conditions, and the latter are separately regulated by specialized building regulations.  Defendants further argue that the Nuisance Code recognizes this distinction because it defines "premises" as "[a]ny real property, or improvements thereon," and that definition does not include the word "building."  (County Code, § 16.18.301H.)

The trial court did not err.  "Premises" can mean many things, and the County's legislative body determined that one of its meanings is improvements on real property.  Obviously, buildings are such improvements.  The court's interpretation conforms to the County's legislative intent.

Including buildings within the meaning of premises does not render building codes and ordinances surplusage.  As the State Building Standards Law states, the building standards contained in the state building codes do not preclude the County from adopting procedural ordinances authorizing civil, administrative, or criminal remedies to enforcing

11

code violations. (§ 18909, subd. (c).) The Nuisance Code is such an ordinance, and it operates in conjunction with, not in conflict with, the various building codes.

Defendants argue County Code section 16.18.401N is inconsistent with the County's Dangerous Building Code, which they claim specifically regulates building conditions, abatement, and public nuisances and should control over the Nuisance Code. (County Code, § 16.22.) Defendants point to section 17980 of the State Housing Law which, they assert, authorizes the local enforcement agency to issue a notice to abate only when the violations are so extensive and of such a nature that the health and safety of residents and the public is substantially endangered. Defendants assert the County Dangerous Building Code is to the same effect.

Defendants misread section 17980. That statute authorizes the County to institute an action or proceeding where a building is constructed in violation of any provision of Title 24, the County Code, or other regulations, or if a nuisance exists in a building or upon the lot on which the building is situated, to prevent, restrain, correct, or abate the violation or nuisance after giving the owner 30 days' notice to abate. (§ 17980, subd. (a).) The County may initiate the action within a shorter time period if it deems the action is necessary "to prevent or remedy an immediate threat to the health and safety of the occupants of the building, nearby residents, or the public[.]" (§ 17980, subd. (a).) Neither section 17980 nor the County's Dangerous Building Code limits the County to issuing a notice to abate only for those violations that substantially endanger the health and safety of residents or the public or that create a dangerous or substandard building.

Defendants again argue that under the State Housing Law, as well as the County Dangerous Building Code, nuisances are to be permitted unless they endanger the safety or welfare of the unit's occupants, nearby residents, or the public. (§ 17922, subd. (e); County Code, § 16.22.301.) By not obtaining a building permit, defendants have put the unit's occupants, neighbors, and the public at risk of harm. Thus, the County may seek relief to correct the nuisance they created.

12

Finally, defendants assert the trial court incorrectly applied the construction permit laws "as inferring that existing residential buildings must be permitted." They argue the "plain text" of the California Residential Code regulates property owners who intend to perform construction, implying that Title 24 does not regulate property owners who have already performed construction without a permit. We have already explained that the unambiguous language of Title 24 as adopted by the County required defendants to obtain a building permit before they commenced construction, and it authorized the County to abate their violation by this action, regardless that defendants have completed construction.

Nothing about the trial court's decision is legally untenable.

DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to the County. (Cal. Rules of Court, rule 8.278(a).)


_____

                HULL, J.

We concur:


_____

EARL, P. J.


_____

MAURO, J.

13

Filed 3/20/26

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| COUNTY OF SACRAMENTO,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NKS REAL ESTATE HOLDINGS, INC. et al.,<br><br>Defendants and Appellants. | C100056<br><br>(Super. Ct. No. 34-2020-00287693-CU-MC-GDS)<br><br>ORDER CERTIFYING OPINION FOR PUBLICATION |

APPEAL from a judgment of the Superior Court of Sacramento County, Jeffrey S. Gavin, J.  Affirmed.

The Law Offices of Nabil Samaan and Nabil Samaan for Defendants and Appellants.

Lisa A. Travis, County Counsel and Kelsey D. Johnson, Deputy County Counsel for Plaintiff and Respondent.

1

THE COURT:

The opinion in the above-entitled matter filed on February 26, 2026, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:


___/s/_____
EARL, P. J.


___/s/_____
HULL, J.


___/s/_____
MAURO, J.